3994.　FOOTE & DAVIES CO. *v.* SOUTHERN WOOD
PRESERVING CO.

The trial court properly construed the contract of sale. There is no merit in any of the special assignments of error; and the evidence fully authorized, if it did not demand, the verdict.
　　　　　　　　DECIDED MAY 22, 1912.

Complaint; from city court of Atlanta—Judge Reid. December 14, 1911.

*Payne & Jones,* for plaintiff in error. *E. V. Carter,* contra.

POTTLÈ, J. The defendant, Foote & Davies Company, entered into a contract with the plaintiff, of which the following is a copy: "Southern Wood Preserving Co., Fort McPherson, Ga.　Gentle-

men: Confirming my telephone message of Wednesday, the 26th instant, you have been awarded the contract to furnish the necessary amount of wood block for paving the Foote & Davies Co. publishing house on corner of Capitol Ave. and Weyman Ave., amount to be determined later, but being approximately 5,000 sq. yards, same to be furnished f. o. b. cars on the side track at 76c per sq. yard and of long-leaf yellow pine thoroughly steam dried and coated with a high grade creosote oil, 5 pounds to the cubic foot, blocks to be surfaced on two sides and in size 3" wide, 2-3/4" deep, and about 8" long, conforming to the sample left in my office, with the exception that approximately 60% of this wood is to be heart, all of it answering to the requirement of square edged and sound. Delivery to begin on the 10th day of June and to continue as rapidly as shall be required to keep employed all men who may be employed upon it in this material. Test satisisfactory to the architect shall be made showing that the blocks offered contain the amount and quality of creosote oil as above specified. Also Mr. White and Mr. Finley, in making this proposal, have bound themselves to give expert superintendence to laying of this block, to the extent of advice to the architect covering any point upon which he may need advice, and visit the work as it progresses twice daily. It affords me pleasure to place this contract with you, and I am especially pleased to be able to use long-leaf yellow pine, as advocated by yourselves. Yours very truly, [Signed] Charles Edward Choate. Accepted: Southern Wood Preserving Co., by R. H. White, Pres't." The plaintiff delivered 4,355 yards of blocks, and only about 3,679 yards were used and paid for. The suit is for the balance. The plaintiff prevailed, and the case is here upon exception to the overruling of a demurrer to the petition, the disallowance of an amendment to the defendant's answer, and the overruling of its motion for a new trial.

The case turns upon the proper construction to be placed upon the contract. The defendant contends that, construed in the light of the surrounding circumstances, the situation of the parties, and the purpose for which the wooden blocks were to be used, the contract really means that an indeterminate quantity of blocks were ordered, the exact number to be ascertained later; that at the time of the execution of the contract, the defendant did not know just how much floor space it would cover with the wooden blocks, and

its purpose in executing the contract was to obtain whatever quantity of blocks it might subsequently decide would be needed; that the plaintiff furnished more blocks than were needed or used; and that the defendant is not liable for the balance claimed to be due under the contract. On the other hand, the plaintiff contends that the quantity to be furnished was fixed by the contract, and that the number of blocks actually delivered was authorized by the contract. There is no plea of failure of consideration, or that the blocks furnished did not in every respect measure up to the specifications in the contract. The sole defense is that too many were furnished.

Ambiguities and words of doubtful meaning are often explained and made clear by considering the surrounding circumstances. Civil Code (1910), §§ 4268, 5792. Matters dehors the contract are frequently looked to when they can aid construction. In other words, they may be looked to to explain, but never to vary. A contract free from ambiguity is conclusively presumed to express the intention of the parties. The contract under consideration is lacking in definiteness, but clear in meaning. In the first place, the plaintiff bound itself to furnish, and the defendant obligated itself to take, "the necessary amount of wood blocks for paving" the defendant's publishing house. The necessary quantity was unknown to both parties, but, instead of waiting to find out, they closed negotiations by an engagement of one to furnish, and the other to take, "approximately 5,000 sq. yards," the exact quantity to be determined later. Delivery was to begin on June 10th, "and to continue as rapidly as shall be required to keep employed all men who may be employed upon it in this material." Manifestly, the fair and plain meaning of the engagement is that the plaintiff should begin on June 10th and furnish, as rapidly as it desired (at all events, with sufficient rapidity to keep the labor employed), a quantity of blocks approximating 5,000 square yards. If it furnished a few less than 5,000 or exactly 5,000, and more were needed, it must furnish the excess. If it furnished a few more than 5,000, and exactly that number or a few less were needed, the plaintiff would stand the loss. The word "approximately" is akin to the words "more or less." The exact excess or deficiency which might be allowed by the use of the word would depend, in each case, upon the quantity or number called for, and

the nature of the article or property. Ordinarily this would be a jury question. It would seem that it might be held, as a matter of law, in a case of the character now in hand, that 10 per cent. would be a sufficient margin; but since the jury have said by their verdict that it was, this matter may be treated as an issue of fact. The provision in the contract in reference to the rapidity with which the blocks were to be delivered was for the benefit of the purchaser. It was not a violation of the contract for the seller to deliver even more rapidly than it was bound to do under its engagement. It was the duty of the defendant to have ascertained the exact quantity needed and notified the plaintiff before delivery was completed. Certainly, in the absence of notice, the plaintiff had a right to deliver approximately 5,000 square yards. The jury could well find that 4,355 square yards was not more than "approximately" 5,000. They could also find, from the evidence, that no notice as to the quantity desired was given until after delivery was completed. The trial judge properly construed the contract; there is no merit in any of the special assignments of error, and the evidence warranted, if indeed it did not demand, the verdict.

*Judgment affirmed.*